# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WAYNE T. GAMBLE, | : | |
| Plaintiff, | : | |
| v. | : | Civ. No. 17-225-LPS |
| SUPERIOR COURT OF DELAWARE, et al., | : | |
| Defendants. | : | |

## MEMORANDUM ORDER

At Wilmington this 18th day of September, 2018:

1. Plaintiff has engaged in filing numerous lawsuits that contain frivolous legal arguments and are vexatious and abusive of the judicial process. These lawsuits all raise issues regarding the theft of his property or money ($899,000,000,000) from bank accounts, allege that he was wrongly accused of murder but has been cleared by forensic evidence, and contain other allegations of water contamination, murder plots, and wrongful incarceration of third parties. The lawsuits have been filed against numerous entities and individuals.

2. Since March 3, 2017, Plaintiff has filed the following lawsuits in this District Court all related to foregoing, including: Civ. Nos. 17-225-LPS, *Gamble v. Superior Court of Del.*; 17-245-LPS, *Gamble v. United States Fed. Court*; 17-246-LPS, *Gamble v. Wilmington Police*; 17-253-LPS *Gamble v. United States Supreme Court*; 17-272-LPS, *Gamble v. Buzzard Gut*; 17-303-LPS, *Gamble v. Met-Life Ins. Co.*; 17-308-LPS, *Gamble v. Herr's Food Inc.*; 17-355-LPS, *Gamble v. Clerk's Office of the United States Fed. Court*; and 17-358-LPS, *Gamble v. Penn-Dot*. The Court has reviewed the Complaints in each of the above-listed cases and finds none of them state a claim upon which relief may be granted. Indeed, they are frivolous, as the allegations are unspecified and irrational.

3. As a result of the numerous filing in this Court, on August 2, 2018, Plaintiff was ordered to show cause why he should not be enjoined from filing any complaint, lawsuit, or petition for writ of mandamus, filed in the United States District Court for the District of Delaware, raising issues regarding the theft of his property or money ($899,000,000,000) from bank accounts, that he was wrongly accused of murder but has been cleared by forensic evidence, water contamination, murder plots, and wrongful incarceration of third parties. Plaintiff was given until August 31, 2018 to respond to the show cause order. (D.I. 13)

4. A district court has the power to enjoin vexatious litigants from filing meritless pleadings where the pleadings raise issues identical or similar to those that have already been adjudicated. *See* 28 U.S.C. § 1651; *Matter of Packer Ave. Assoc.*, 884 F.2d 745, 747 (3d Cir. 1989); *Yadav v. Surtees*, 87 F. App'x 271 (3d Cir. Jan. 27, 2004). The Court, in considering enjoining Plaintiff as a vexatious litigant from future litigation, provided him sufficient notice and an opportunity to be heard in the form of a show cause order entered August 2, 2018. *See Brow v. Farrelly*, 994 F.2d 1027, 1038 (3d Cir. 1993). Plaintiff did not file a response to the Show Cause Order.

5. Plaintiff has failed to show cause why he should not be enjoined from filing any complaint, lawsuit, or petition for writ of mandamus filed in the United States District Court for the District of Delaware, raising issues regarding the theft of his property or money ($899,000,000,000) from bank accounts, that he was wrongly accused of murder but has been cleared by forensic evidence, water contamination, murder plots, and wrongful incarceration of third parties.

IT IS THEREFORE ORDERED that:

1. Plaintiff is hereby enjoined from filing, without prior authorization of the Court, any complaint, lawsuit, or petition for writ of mandamus, raising issues regarding the theft of his property or money ($899,000,000,000) from bank accounts; that he was wrongly accused of murder

but has been cleared by forensic evidence; water contamination; murder plots; and wrongful incarceration of third parties.

2. Plaintiff must file a motion for leave to file with any new complaint, lawsuit, or petition for writ of mandamus that he proposes to file and must attach a copy of this memorandum order to it. The motion shall be filed as a miscellaneous case.

3. As an exhibit to any motion seeking such leave, there must be attached a declaration prepared pursuant to 28 U.S.C. § 1746 or a sworn affidavit certifying that (a) the document raises a new issue that has never been previously raised by the filer in this or any other court, (b) the claim or issue is not frivolous, (c) the document is not filed in bad faith, and (d) a statement as to the basis for jurisdiction and venue in the District of Delaware.

4. The Court shall deny any motion for leave to file if the proposed document is frivolous, vexatious, or harassing. If the motion is denied, the document shall not be filed. The failure to comply with this memorandum order shall be sufficient grounds for this court to deny any motion for leave to file.

5. If the motion for leave to file is granted, Plaintiff shall submit the order as evidence that he has obtained the permission of the court for the filing.

6. No document submitted by Plaintiff shall be filed prior to obtaining leave to file unless the document is specifically identified as a motion for leave to file, and unless the document contains an affidavit or sworn declaration as required by this memorandum order, and a copy of this memorandum order.

7. The Clerk's Office shall not accept any filing fees, cover sheets, applications for leave to proceed without prepayment of fees, summonses, or U.S. Marshals forms, in connection with a motion for leave to file, unless and until leave is granted.

8. Plaintiff is placed on notice that should leave be granted but the case is not properly venued in this district, the court will transfer the case to the proper venue without ruling on the merits of the case and without ruling on any motions, including motions for leave to *proceed in forma pauperis*.

_____
HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE